Mr. Justice Nott
delivered the opinion of the court:
To constitute slander, the words alleged to .have been Spoken, must import some disgraceful act, which, if true, would subject the person of whom the}7 are spoken to legal punishment. If they import a crime, no colloquium need be set out; because it would show nothing more than the *222 words themselves imply. Buttosay aperson is foreswore pr has sworn falsely is not actionable, because it may be a mere voluntary oath, which would not constitute perjury. It is necessary, therefore, in such cases, to set out the colloquium that it may be seen that they related to an oath taken in some judicial proceeding. For unless that appears either from the words themselves or can be inferred from the manner of speaking them, no action lies. (Holt vs. Scholefield, 6 Bacon, Slander, B-6. Term Rep. 691.) So when words otherwise actionable, are explained at the time by reference to a known and particular transaction, they are to be construed accordingly, and being so explained, are not actionable. (1 Johnsons Cases, 279.) The words in that case were “ John Keating is as damned a rascal as ever lived, and all who joined his party, and the procession on the 4th of July, are a set of black hear-ted highwaymen, robbers and murderers. Y et when it appeared that they were spoken with reference to a particular transaction, which shewed that the persons spoken of had not been guilty of the crimes alleged, they were held not to be actionable. So in the case of Stewurt vs. McDowall, in Charleston, where the defendant said the plaintiff had robbed him of his money ; it was held that the action could not be maintained because the words were spoken with reference to a certain monied transaction between the parties, in which the defendant thought he had been dpfrauded by the plaintiff, and gave expression to his feelings in'those harsh terms. In the case of Ashbell Wit, (2 Nottk McCord, 364,) it was held that these words, “ he swore a damned lie before squire Lamkin, and that the plaintiff was foresworn, and that'he, the defendant, would overthrow his oath so that it should never hurt a negro,” were not actionable. The declaration contained a colloquium, stating that the words were spoken with reference to a certain judicial proceeding, before one squire Lamhin, but as the colloquium was not proved, the court held that the action could not bo maintained. Now what is tbe allegation in this declaration ? why that the “said *223 John Power obtained the testimony of one Dabney D. Wilkinson by affidavit, before a judicial officer duly qualified to administer such oath.” It is not alleged that it was taken in any judicial proceeding, or that it was intended to be used for any judicial purpose. Neither cid the testimony establish any such fact. It is contended that the plaintiff said at the time, that it was intended as the foundation of an action, but the declarations of the plaintiff were not evidence of'that fact ; neither could the fact itself, if proved, have availed the plaintiff unless it had appeared on the proceedings, and even then it is probable that it would have been considered too indefinite and uncertain, and if there was no charge of perjury against Wilkinson, there was none of subornation of perjury against, Power. Several cases from Crake's Reports have been relied on in support of this declaration, but by a reference to those cases, it will be found that the technical word perjury, has been made use of, or the oath is said to have been taken in court or to appear on record or in some other way, to shew that it was taken in a judicial proceeding. (Dixon vs. Harris, Cro. Ja. 158. Cro. Charles, 337, Anonymous. Do. 509, Ceety vs. Hoskins. Cro. Eliz. 509, Spencer vs. Shorey. Do. 185 Plain vs. Flor, Do. 583. Harrisons case.) But even 'if an old case could be found bearing an analogy to this, where the action had been supported, it could not prevail, since the rules of law upon this subject have been so much better defined by a long series of modern adjudications. In the case of Roberts £f Camden, 9th East. 93, which has been relied on, the words charge the plaintiff expressly of being under a prosecution lor perjury. The case of Rece 4' Mitchell, 2 Dallas 58, was a motion in arrest of judgment, and the declaration lays the oath to have been taken ina case before the said justice depending. No case has been adduced where charging a person with swearing falsely has been held actionable, unless it appeared by the colloquum or by the words themselves, that they had re *224 ference to an oath taken in the course of a judicial proceeding.
Thompson, for the motion.
Noble ¿r Wardlaw, contra.
The motion therefore must be refused,
■ Justices Johnson, Huger, Gantt, Richardson and Colcock, concurred.